1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD EASLEY,

11            Plaintiff,                    No. CIV S-05-0056 KJM

12        vs.

13
     JO ANNE B. BARNHART,
14   Commissioner of Social Security,

15            Defendant.                    ORDER

16   _____/

17            Plaintiff seeks judicial review of a final decision of the Commissioner of Social

18   Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under

19   Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will deny

20   plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion

21   for summary judgment.

22   /////

23   /////

24   /////

25   /////

26

I.  Factual and Procedural Background

In a decision dated July 6, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe occasional knee pain secondary to a possible medial meniscal tear and/or residuals status post anterior cruciate reconstruction; residuals status post sternoclavicular and acromioclavicular injury to the left shoulder; cervical spine pain with radiculopathy secondary to degenerative disc disease of the cervical spine but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff has the residual functional capacity to perform light work with

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1    certain postural and manipulative limitations; plaintiff can perform his past relevant work as a

2    parts manager; and using the Medical-Vocational guidelines as a framework for decision-making,

3    plaintiff is not disabled.  Administrative Transcript ("AT") 24-25.  Plaintiff contends the ALJ

4    improperly rejected the opinions of treating physicians, improperly discredited his subjective

5    complaints of pain, and improperly relied on the grids in finding plaintiff was not disabled.

6    II.  Standard of Review

7            The court reviews the Commissioner's decision to determine whether (1) it is

8    based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

9    record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

10   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

11   Substantial evidence means more than a mere scintilla of evidence, but less than a

12   preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

13   Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

14   reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

15   U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

16   197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

17   782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

18   detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

19   1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

20   supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

21   substantial evidence supports the administrative findings, or if there is conflicting evidence

22   supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

23   Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

24   improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

25   1335, 1338 (9th Cir. 1988).

26   /////

1  III.  Analysis

2       A.  Physicians' Opinions

3            Plaintiff contends the ALJ improperly rejected the opinions of two of his treating

4  physicians, Drs. Kal and Molitor.  The weight given to medical opinions depends in part on

5  whether they are proffered by treating, examining, or non-examining professionals.  Lester v.

6  Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a

7  treating professional, who has a greater opportunity to know and observe the patient as an

8  individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

9            To evaluate whether an ALJ properly rejected a medical opinion, in addition to

10  considering its source, the court considers whether (1) contradictory opinions are in the record,

11  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

12  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

13  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

14  rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at

15  830.  While a treating professional's opinion generally is accorded superior weight, if it is

16  contradicted by a supported examining professional's opinion (e.g., supported by different

17  independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

18  1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In

19  any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical

20  findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,

21  minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a

22  non-examining professional, without other evidence, is insufficient to reject the opinion of a

23  treating or examining professional.  Lester, 81 F.3d at 831.

24            Dr. Kal, plaintiff's primary care physician, opined in a letter to plaintiff's attorney

25  dated January 14, 2004, that plaintiff was disabled from all types of work due to chronic pain and

26  weakness.  AT 165-166.  Dr. Kal noted there was a significant chance plaintiff could get

4

1   complete relief from his symptoms by some form of treatment modality.  AT 166.  In April 2004,

2   plaintiff's treating orthopedic surgeon, Dr. Molitor, opined plaintiff was unable to work due to

3   fairly severe neck and radiating right arm pain.  AT 179-180.  Dr. Molitor also observed

4   plaintiff's condition was treatable, generally with anti-inflammatories and sometimes physical

5   therapy exercises or cervical traction, epidural steroids, or surgery.  AT 180.  The ALJ rejected

6   these opinions in favor of that of an examining orthopedist, Dr. Butowski, who after reviewing

7   plaintiff's medical records and conducting his own examination, opined plaintiff could perform

8   light work with certain postural and manipulative limitations.[2]  AT 23, 167-172.  In rejecting the

9   opinions of the treating physicians, the ALJ correctly noted the treating physicians' opinions

10  were based on plaintiff's subjective complaints of pain, which as discussed below, were properly

11  discredited.  AT 22.  The ALJ also noted the medical records, including records showing

12  degenerative disc disease, did not support the limitations on walking, standing and sitting

13  assessed by these physicians.  AT 22, 115-116, 118, 136, 158-160, 163-164, 181-183, 189, 192,

14  194.[3]  The ALJ further noted the inconsistency between the extreme limitations assessed by Dr.

15  Molitor and plaintiff's complaint of only occasional intermittent pain radiating into his right arm

16  in the January 2004 examination by Dr. Molitor, with no weakness being reported at that time.

17  AT 22, 181.  The reasons given by the ALJ are specific and legitimate and supported by

18  substantial evidence.

19       B.  Credibility

20           Plaintiff also contends the ALJ improperly discounted his subjective complaints

21  of pain.  The ALJ determines whether a disability applicant is credible, and the court defers to the

22

23       [2]  The restrictions assessed by Dr. Butowski were incorporated into the residual functional capacity determined by the ALJ.  AT 23-25.

24

25       [3]  Although the ALJ incorrectly stated there were no treating records from Dr. Kal (AT 22), this error is harmless inasmuch as the ALJ reviewed the records from Marshall Medical Center, the facility where plaintiff was treated by Dr. Kal.  AT 16; see also, e.g., 106-108, 111-

26  112, 133, 134, 163-164, 165-166, 189-190, 193-194.

1   ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

2   Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make

3   an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad

4   v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

5   supported by "a specific, cogent reason for the disbelief").

6           In evaluating whether subjective complaints are credible, the ALJ should first

7   consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

8   F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

9   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

10  medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

11  (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

12  testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

13  prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

14  1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

15  55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

16  and effect of symptoms, and inconsistencies between testimony and conduct also may be

17  relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

18  to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

19  the ALJ in determining whether the alleged associated pain is not a significant nonexertional

20  impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

21  rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

22  (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

23  177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,

24  the Commissioner's reasons for rejecting the claimant's testimony must be clear and

25  convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

26  1999).

1    Plaintiff testified he could not sleep well because of pain, could stand or sit only

2 for ten to fifteen minutes, could lift only five pounds, and dropped objects.  AT 206, 208, 210,

3 213-214.  The ALJ considered a variety of factors in finding the extreme limitations claimed by

4 plaintiff as not credible.  The ALJ noted the treating records do not contain reports of severe and

5 chronic pain or difficulties with walking, standing or sitting, or reports of being unable to

6 perform almost all daily activities secondary to upper extremity pain.  AT 22, 115-116, 118, 119,

7 134, 136, 158-160, 181-183, 189, 194.  Although plaintiff testified his knee caused problems, the

8 ALJ noted that the treating orthopedic surgeon had indicated plaintiff could have surgery when

9 plaintiff was ready; yet plaintiff sought no treatment or surgery for knee problems.  AT 21, 183,

10 208, 215-216.  The ALJ also noted Dr. Molitor's opinion that plaintiff's condition was treatable

11 but that plaintiff refused to undergo recommended conservative treatment for pain.  AT 17, 23,

12 180, 182.  The factors considered by the ALJ all were valid and supported by the record.  The

13 ALJ's credibility determination was based on permissible grounds and will not be disturbed.

14    C.  Grids

15    Plaintiff contends the ALJ erroneously relied on the Medical-Vocational

16 Guidelines[4] and should have utilized the expertise of a vocational expert.  The ALJ did not utilize

17 only the grids in determining plaintiff is not disabled.  In this case, the ALJ found plaintiff could

18 perform his past relevant work as a parts manager.  In doing so, the ALJ properly relied on

19 plaintiff's own description of his job duties and the job of parts manager as generally performed.

20 AT 23, 25, 80, 101; see Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also SSR

21 82-61 (past relevant work determined by particular past job or the occupation as generally

22 performed).  Although the ALJ also went beyond step four of the sequential analysis and

23

24    [4]  The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available.  See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors

25 include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

26

1  analyzed disability under the Medical-Vocational Guidelines, there is no basis for reversal in the

2  step five analysis because plaintiff has failed to meet his burden of showing he cannot perform

3  his past relevant work as a parts manager.  <u>See</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir. 1996)

4  (no vocational expert testimony required where plaintiff can perform past relevant work).

5           The ALJ's decision is fully supported by substantial evidence in the record and

6  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

7           1.  Plaintiff's motion for summary judgment or remand is denied, and

8           2.  The Commissioner's cross-motion for summary judgment is granted.

9  DATED:  September 20, 2006.

11  _____
    UNITED STATES MAGISTRATE JUDGE

15  006
    easley.ss

8